## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MANUEL MELENDEZ, | DOCKET NUMBER |
|        Appellant, | AT-0752-22-0630-I-1 |
|     v. | |
| DEPARTMENT OF THE ARMY, | DATE: April 26, 2024 |
|        Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Patrick Meyer, Esquire, and Michael R. Goldstein, Esquire, Washington, D.C., for the appellant.

Bobbie Garrison, Esquire, Doral, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review and REVERSE the initial decision. The removal action is NOT SUSTAINED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    Prior to his removal, the appellant held the position of International Security Assistance Program Manager, GS-0301-13, with U.S. Southern Command (USSOUTHCOM), Strategy, Policy, and Plans Directorate, Security Cooperation Division.  Initial Appeal File (IAF), Tab 5 at 15.  On December 14, 2021, the agency appointed an Investigating Officer, pursuant to Army Regulation 15-6, to conduct an informal investigation into the facts and circumstances surrounding an informal complaint alleging that the appellant "engaged in behavior tantamount to sexual harassment."  IAF, Tab 12 at 49-53.  The Investigating Officer issued a final report of investigation (ROI) on March 4, 2022.  *Id.* at 25-192.

¶3    On May 23, 2022, the Director of Strategy, Policy, and Plans notified the appellant that he was proposing his removal based on a charge of Conduct Unbecoming a Federal Employee, supported by six specifications.  IAF, Tab 5 at 56-60.  The specifications were based on incidents described in the ROI, but the proposal did not contain an allegation that the appellant engaged in sexual harassment, nor did it make any reference to the legal standards applicable to a sexual harassment charge.  *Id*.  In July 2022, the Director rescinded the proposal notice and issued a new proposal, which designated a different deciding official but was otherwise unchanged from the original version.  *Id*. at 34-38, 61-166.  The appellant provided a written reply.[2]  IAF, Tab 6.

¶4    After considering the appellant's reply, the deciding official, the USSOUTHCOM Chief of Staff, issued a decision sustaining five of the six specifications and approving the penalty of removal.  IAF, Tab 5 at 16-33.  The deciding official personally completed an agency-supplied *Douglas* factors worksheet in support of his penalty determination.  *Id*. at 21-30; Hearing

---

[2] Prior to his reply, the appellant obtained a redacted copy of the ROI through a Freedom of Information Act request.  IAF, Tab 10 at 72-251, 355.

Recording (HR), Track 6 (testimony of deciding official). The appellant was removed effective August 26, 2022. *Id*. at 15.

¶5    The appellant filed a timely appeal with the Board contesting the charge and penalty and raising affirmative defenses of harmful procedural error, denial of due process, and discrimination based on national origin. IAF, Tabs 1, 10. Following a hearing, the administrative judge sustained the charge, including the five specifications that had been sustained by the deciding official. IAF, Tab 19, Initial Decision (ID) at 3-11. The administrative judge further found that the appellant had not established his affirmative defenses. ID at 12-17. Finally, the administrative judge found that the deciding official had properly considered the relevant *Douglas* factors and that the penalty of removal was within the bounds of reasonableness. ID at 17-20. The appellant filed a petition for review, in which he again argues that the agency committed harmful error and denied him due process.[3] Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    When an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the deciding official. *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011). If an employee has not been given notice of aggravating factors, an ex parte communication with the deciding official regarding such factors may constitute a constitutional due process violation because it potentially deprives the employee of notice of all the evidence being used against him and the opportunity to respond to it. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011). As our reviewing court has explained, "[t]here is no constitutionally relevant distinction between ex parte

---

[3] The appellant does not contest the administrative judge's findings regarding his discrimination claim.

communications relating to the underlying charge and those relating to the penalty." *Id*. Furthermore, the Board has found no basis for distinguishing between ex parte information provided to the deciding official and information personally known by the deciding official if the information was considered in reaching the decision and not previously disclosed to the appellant. *See Lopes*, 116 M.S.P.R. 470, ¶ 10.

¶7 Here, the deciding official indicated on the *Douglas* factors worksheet that the agency's table of penalties recommended removal for a second or third offense of sexual harassment/assault, which he identified as the most closely related charge. IAF, Tab 5 at 26 (factor 7). He testified that while he had reviewed the entire table, which includes separate recommendations for sexual harassment and the actual charge of conduct unbecoming, the sustained misconduct nonetheless "smelled" to him like sexual harassment. HR, Track 6; *see* IAF, Tab 5 at 184, 191. However, the agency did not inform the appellant in its notice of proposed removal that it would consider the recommended penalty for a charge other than those set forth in the notice itself. Nor was the appellant on notice that he would be disciplined for a second or third offense of any charge, given his undisputed lack of prior discipline.

¶8 Accordingly, we find that the deciding official considered ex parte information in making his penalty determination. However, such ex parte information will only violate an employee's right to due process when it introduces new and material evidence. *Ward*, 634 F.3d at 1279; *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1387 (Fed. Cir. 1999). To determine whether the deciding official's consideration of ex parte information constituted a due process violation, we must inquire whether the ex parte communication is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Ward*, 634 F.3d at 1279 (citations omitted). The Board will consider the following factors, among others, to determine whether ex parte

information is constitutionally impermissible: (1) whether the ex parte information merely introduces cumulative information or new information; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte information was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id.*

¶9    Here, the deciding official's reliance on the recommended penalty for a charge other than one set forth in the notice of proposed removal cannot fairly be deemed cumulative or immaterial to his decision. *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 12 (2012). Moreover, in a situation like this, when the deciding official has admitted that the ex parte information influenced his penalty determination, the information in question is clearly material. *Howard v. Department of the Air Force*, 118 M.S.P.R. 106, ¶ 6 (2012). We further find that, because the agency omitted this information from the notice of proposed removal, the appellant was unaware that the deciding official would consider it and had no chance to respond before the deciding official issued his decision. With respect to whether the information resulted in undue pressure on the deciding official, the absence of such pressure is less relevant when, as in this case, the deciding official admits that the information influenced his penalty determination. *Id.* (citing *Ward*, 634 F.3d at 1280 n.2). In sum, we conclude that the deciding official's consideration of aggravating factors without the appellant's knowledge was "so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Stone*, 179 F.3d at 1377.

¶10    Because the agency violated the appellant's due process guarantee to notice, the agency's error cannot be excused as harmless, and the appellant's removal must be cancelled. *Lopes*, 116 M.S.P.R. 470, ¶ 13. The appellant may not be removed unless and until he is afforded a "new constitutionally correct removal procedure." *Ward*, 634 F.3d at 1280; *Jenkins*, 118 M.S.P.R. 161, ¶ 12; *Lopes*, 116 M.S.P.R. 470, ¶ 13. Accordingly, we reverse the initial decision and do not

sustain the removal action. Given this result, we do not reach the appellant's remaining arguments.

## ORDER

¶11    We ORDER the agency to rescind the removal action and restore the appellant effective April 26, 2022. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                         _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

|  | **DEFENSE FINANCE AND ACCOUNTING SERVICE**<br>**Civilian Pay Operations** |
|---|---|

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐   1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐   2) Settlement agreement, administrative determination, arbitrator award, or order.

☐   3) Signed and completed "Employee Statement Relative to Back Pay".

☐   4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐   5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐   6) All relevant benefit election forms (e.g., TSP, FEHB, etc.).

☐   7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions (if applicable).
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630